UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


GLORIA MURCHISON,

               Plaintiff,                                  Hon. Richard Alan Enslen

v.                                                 Case No. 1:05-CV-472

COMMISSIONER OF SOCIAL
SECURITY,

               Defendant.

_____/


## REPORT AND RECOMMENDATION

        Plaintiff initiated the present action on July 12, 2005.  A summons was issued for Defendant the same day.  However, Plaintiff failed to timely effect service on Defendant.  Accordingly, on April 25, 2006, the undersigned issued an Order to "show cause why this matter should not be dismissed without prejudice for failure to timely effect service."  (Dkt. #2).  Plaintiff was directed to comply with this Order no later than May 5, 2006.  *Id.*  Plaintiff failed to respond to the Court's Order.  While the Court appreciates the fact that the Court's Order prompted Plaintiff to finally effect service in this matter, such does not negate the fact that Plaintiff served her complaint more than five months after the deadline for doing so had passed.  Nor does it negate the fact that Plaintiff completely disregarded the Court's Order.

        As the Court previously observed, Federal Rule of Civil Procedure 4(c) indicates that "[a] summons must be served together with a copy of the complaint."  The time frame within which service must be effected is articulated in Rule 4(m), which provides that if service of the summons and

complaint is not made upon a defendant within 120 days after the filing of the complaint, "the court, upon motion or on its own initiative after notice to the plaintiff, **shall** dismiss the action without prejudice as to that defendant." (emphasis added). If the plaintiff demonstrates good cause for such failure, however, "the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m); *see also*, *Bush v. City of Zeeland*, 2003 WL 22097837 at *2 (6th Cir., Sep. 5, 2003).

In other words, when a plaintiff fails (without good cause) to timely serve a complaint, the Court *shall* dismiss the complaint without prejudice. Plaintiff was afforded an opportunity to demonstrate that good cause existed for her failure to timely effect service in this matter. She failed to even attempt to do so. Accordingly, the undersigned recommends that this matter be dismissed without prejudice pursuant to the authority identified above.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date:  May 16, 2006

   /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge